IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

FEB 04 2015

JULIA C. DUDLEY, CLERK
BY: /s/ K Dotson
DEPUTY CLERK

GLENN HARLOW AND BRIANNA HARLOW

Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES, LLC        Civil Case No. 5:15CV00009

SERVE:   Corporation Service Company, Reg. Agent
         Bank of America Center, 16th Floor
         1111 East Main Street
         Richmond, VA 23219

and

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:   David N. Anthony, Registered Agent
         1001 Haxall Point
         Richmond, VA 23219

and

TRANS UNION, LLC

SERVE:   Corporation Service Company, Reg. Agent
         Bank of America Center, 16th Floor
         1111 East Main Street
         Richmond, VA 23219

and

MIDLAND CREDIT MANAGEMENT, INC.

SERVE:   Corporation Service Company, Reg. Agent
         Bank of America Center, 16th Floor
         1111 East Main Street
         Richmond, VA 23219

and

FIRST PREMIER BANK

SERVE:   Secretary of the Commonwealth

        Dana J. Dykhouse, President
        601 South Minnesota Avenue
        Sioux Falls, SD 57104

and

ASSET ACCEPTANCE, LLC

SERVE:    Corporation Service Company, Reg. Agent
            Bank of America Center, 16th Floor
            1111 East Main Street
            Richmond, VA   23219and

and

U.S. BANK, N.A.

SERVE:    CT Corporation System, Reg. Agent
            4701 Cox Road, Suite 285
            Glen Allen, VA 23060

and

TRIDENT ASSET MANAGEMENT, LLC

SERVE:    Secretary of the Commonwealth
            Service of Process Department
            Post Office Box 2452
            Richmond, VA   23218-2452


STATE FARM FINANCIAL SERVICES

SERVE:    Secretary of the Commonwealth
            3 State Farm Plaza
            Bloomington, IL 61791

                                        **Defendants.**

## COMPLAINT

        The Plaintiffs, GLENN AND BRIANNA HARLOW, (hereinafter, "Plaintiffs"), by counsel, and for their Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

1. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

3. The Plaintiffs, GLENN AND BRIANNA HARLOW ("Mr. and Mrs. Harlow"), are a natural persons and consumers as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

3

8. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, MIDLAND CREDIT MANAGEMENT, INC ("Midland") is a foreign limited liability company with its principal place of business in San Diego, California and is authorized to conduct business in the State of Virginia through its registered office in Richmond, Virginia. Midland is a debt collector and "furnisher" as governed by the FCRA.

12. Upon information and belief, FIRST PREMIER BANK ("First Premier") is a foreign corporation incorporated in the State of South Dakota and which regularly conducts business in the State of Virginia. First Premier is a "furnisher" as governed by the FCRA.

13. Upon information and belief, ASSET ACCEPTANCE, LLC ("Asset Acceptance") is a foreign limited liability company with its principal place of business in Warren, Michigan and which regularly conducts business in the State of Virginia. Asset Acceptance is a debt collector and "furnisher" as governed by the FCRA.

14. Upon information and belief, U.S. BANK, N.A. ("US Bank") is a foreign corporation incorporated in the State of Minnesota and which regularly conducts business in the State of Virginia. US Bank is a "furnisher" as governed by the FCRA.

15. Upon information and belief, TRIDENT ASSET MANAGEMENT, LLC ("Trident") is a foreign limited liability company with its principal place of business in Alpharetta, Georgia and which regularly conducts business in the State of Virginia. Trident is a debt collector and "furnisher" as governed by the FCRA.

16. Upon information and belief, STATE FARM FINANCIAL SERVICES ("State Farm") is a foreign limited liability company with its principal place of business in Bloomington, Illinois and which regularly conducts business in the State of Virginia. State Farm is a "furnisher" as governed by the FCRA.

## FACTS

16. In 2008, Mr. and Mrs. Harlow were considering adoption and were contacted by a woman who was interested in having Mr. and Mrs. Harlow adopt her unborn child. At that time, Mr. and Mrs. Harlow took this woman into her home so she would have a safe and stable place to live while she was pregnant. This woman, Melissa Steinwok a/k/a Melyssa Fiegenschue, a/k/a Melissa Philips-Lesley, ended up being a con artist who preyed on Mr. and Mrs. Harlow's charity and appropriated their bank accounts, credit cards, car loans and identities for her own personal gain and benefit.

17. In late 2010, Mr. and Mrs. Harlow began receiving collection notices and learned that Melissa Steinwok opened five or six credit cards in their names, multiple cell phones, and

siphoned off funds in their account causing their timeshare to go into foreclosure. Shortly thereafter, these fraudulent accounts began appearing on Mr. and Mrs. Harlow's credit reports.

18. Mr. and Mrs. Harlow began a years long campaign to get their lives and identifies back. The filed police reports, submitted fraud affidavits to the credit bureaus and their alleged creditors.

19. In addition, Mr. and Mrs. Harlow received a paid loan notice and certificate of title for their State Farm car loan indicating it was paid in full as of February 22, 2010. Some time later, State Farm indicated that Mr. and Mrs. Harlow defaulted on payments and had a past due balance on this account and was derogatorily reporting the account on Mr. and Mrs. Harlow's credit reports.

20. Within two years prior to filing this complaint, Mr. and Mrs. Harlow submitted a credit dispute letter to Equifax, Experian and Trans Union regarding the erroneous account with Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm. Plaintiffs enclosed a copy of the Identity Theft Fraud Affidavit with a copy of the police report number and requested that these accounts be removed from their respective credit reports.

21. Within two years prior to filing the complaint, the Defendants refused to correct the derogatory and inaccurate information in Mr. and Mrs. Harlow's respective credit files.

22. These Reportings were false. Mr. and Mrs. Harlow never signed or authorized the applications for credit for the underlying credit accounts that resulted in the disputed collections reporting on their credit report. Plaintiffs were never legally responsible for the repayment of these accounts.

23. Defendants each received, but ignored the Plaintiffs' disputes and refused to delete the inaccurate information regarding the accounts from the Plaintiffs' credit file.

24. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (EQUIFAX, EXPERIAN and TRANS UNION)

25. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

26. Defendants, Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' credit report and credit files it published and maintained.

27. As a result of the conduct, actions and inactions of each of the Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered actual damages including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

28. Equifax, Experian and Trans Union's conduct actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

29. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (EQUIFAX, EXPERIAN, TRANS UNION)

30. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

31. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiffs' credit file.

32. As a result of the conduct, actions and inactions of the Defendants, Equifax, Experian and Trans Union. The Plaintiffs suffered actual damages including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

33. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

34. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(2)(A)
## (EQUIFAX, EXPERIAN AND TRANS UNION)

35. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

36. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm with all the relevant information regarding Plaintiffs' disputes.

37. As a result of the conduct, actions and inactions of the Defendants, Equifax, Experian and Trans Union, the Plaintiffs suffered actual damages including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants, Equifax, Experian and Trans Union were negligent entitling the Plaintiffs to recovery under 15 U.S.C. §1681o.

39. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### (EQUIFAX, EXPERIAN AND TRANS UNION)

40. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

41. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiffs.

42. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union's the Plaintiffs suffered actual damages including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent, entitling Plaintiffs to recover under 15 U.S.C. §1681o.

44. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)

**(EQUIFAX, EXPERIAN AND TRANS UNION)**

45. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

46. Defendants, Equifax, Experian and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

47. As a result of the conduct, actions and inactions of Defendants, Equifax, Experian and Trans Union the Plaintiffs suffered actual damages, including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

48. Defendants, Equifax, Experian and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants, Equifax, Experian and Trans Union were negligent entitling Plaintiffs to recover under 15 U.S.C. §1681o.

49. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A)**
**(MIDLAND, FIRST PREMIER, ASSET ACCEPTANCE, US BANK, TRIDENT, AND STATE FARM)**

50. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

51. On one or more occasions within the past two years, by example only and without limitation, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiffs' disputes.

52. When the Plaintiffs submitted their disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm. It is an automated system and the procedures used by the CRAs are systemic and uniform.

53. When Equifax, Experian or Trans Union receives a consumer dispute, it (usually via an Indian outsource vendor), translates that dispute into an "ACDV" form.

54. Upon information and belief, the ACDV form is the method by which Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

55. On information and belief, the Plaintiffs alleges that to date Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm have never complained to the CRAs about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

56. If Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm receive a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

57. Based on the manner in which Equifax, Experian and Trans Union responded to the Plaintiffs' disputes, representing that Midland, First Premier, Asset Acceptance, US Bank,

Trident and State Farm had "verified" the supposed accuracy of its reporting, Plaintiffs allege that Equifax, Experian and Trans Union did in fact forward the Plaintiffs' dispute via an ACDV to Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm.

58.   Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm understood the nature of the Plaintiffs' dispute when they received the ACDV from the credit bureaus.

59.   When Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm received the ACDV from the credit reporting agencies, they as well could have reviewed their own system and previous communications with the Plaintiffs and discovered additional substance of the Plaintiffs' dispute.

60.   Notwithstanding the above, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm follow a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm do is review its own internal computer screen for the account and repeat back to the ACDV system the same information that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm already had reported to the CRAs.

61.   When Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

62.   As a result of Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiffs suffered actual damages,

including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

63. The violations by Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. The law in this District, the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

65. Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiffs' dispute.

66. On information and belief, the Plaintiffs allege that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm intended its employees or agents to follow.

67. On information and belief, the Plaintiffs allege that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's employees or agents did not make a mistake (in the way in which he or she Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's procedures) when he or she received, processed and responded to the CRAs ACDVs.

68. On information and belief, the Plaintiffs allege that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm have not materially changed its FCRA investigation procedures after learning of their failures in this case.

69. In the alternative, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

70. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (MIDLAND, FIRST PREMIER, ASSET ACCEPTANCE, US BANK, TRIDENT, AND STATE FARM)

71. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

72. On one or more occasions within the past two years, by example only and without limitation, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

73. As Plaintiffs detailed in Count Six, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

74. Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

75. Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

76. Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm understood the Plaintiffs' disputes and that she was not responsible to pay the disputed debts.

77. Nevertheless, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm ignored such information and instead simply regurgitated the same identifying information they had previously reported to the CRAs.

78. As a result of Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

79. The violations by Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were negligent, which entitles Plaintiffs to recover under 15 U.S.C. §1681o.

80. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (MIDLAND, FIRST PREMIER, ASSET ACCEPTANCE, US BANK, TRIDENT, AND STATE FARM)

81. Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

82. On one or more occasions within the past two years, by example only and without limitation, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm representations within Plaintiffs' credit files with Equifax, Experian and Trans Union without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

83. Specifically, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

84. On information and belief, the Plaintiffs allege that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

85. Furthermore, the Defendants knew that the Plaintiffs disputed the subject account because they had previously disputed the debt directly with these entities.

86. The Plaintiffs' disputed were, at a minimum, bona fide.

87. As a result of Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiffs suffered actual

damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

88. The violations by Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89. Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm was aware of the *Saunders v. B.B. and T.* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiffs' dispute.

90. On information and belief, the Plaintiffs allege that the procedures followed regarding the Plaintiffs' FCRA disputes through e-Oscar were the procedures that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm intended its employees or agents to follow.

91. On information and belief, the Plaintiffs allege that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's employee or agent did not make a mistake (in the way in which he or she followed Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm's procedures) when he or she received, processed and responded to the CRAs' ACDVs and did not include the XB code in the CCC field.

92. On information and belief, the Plaintiffs allege that Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm have not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

93. In the alternative, Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

94. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Midland, First Premier, Asset Acceptance, US Bank, Trident and State Farm in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiffs demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**GLENN HARLOW and
BRIANNA HARLOW**

By _____
Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7570 - Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*